THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* JONAS SOBIN, Defendant.

Court of General Sessions of County of New York, March 19, 1943.

*Harry E. Grauer* for defendant.

*Frank S. Hogan, District Attorney* (*Robert Reynolds* of counsel), for plaintiff.

FRESCHI, J. This defendant moves for an order permitting him to inspect the minutes of the grand jury on which the indictment against him is based and in the alternative for an order dismissing such indictment upon the ground that the evidence does not constitute a crime. It charges him with criminally receiving and concealing stolen property and grand larceny in the first degree on or about February 1, 1943, the subject matter of larceny being a quantity of zippers, the property of David Crystal, Inc., of the aggregate value of $520. This defendant, under a waiver of immunity, testified before the grand jury that he had a quantity of these zippers and sold them to one Joe Herbst on February 1, 1943. He claims that he had previously purchased them from Barney Sobin and made no inquiry of him how he had procured them. " Possession of the fruits of a recent crime is presumed to be guilty possession, the degree of guilt may remain uncertain. In other words, a person in possession of recently stolen property may be the thief or merely guilty of receiving stolen property from the thief." (Richardson on Evidence [5th ed.] § 77; *People* v. *Galbo,* 218 N. Y. 283; *People* v. *Silinsky,* 235 App. Div. 289.) The rule from these cases places upon the defendant the burden of explaining such possession.

Motion denied.